442 P.2d 125

**The STATE of Arizona, Appellee,**

v.

**Manuel Rosas PEREZ, Appellant.**

**No. 2 CA–CR 104.**

Court of Appeals of Arizona.

June 7, 1968.

Rehearing Denied July 3, 1968.

Review Denied Sept. 17, 1968.

Darrell F. Smith, Atty. Gen., Phoenix, by J. Richard Hannah, Sp. Counsel, for appellee.

Mary Stella Cota-Robles, Tucson, for appellant.

KRUCKER, Judge.

Appellant, Manuel Rosas Perez, hereinafter referred to as the defendant, was tried and convicted of the crime of receiving stolen goods, knowing them to. have been stolen, in violation of A.R.S. § 13-621, subsec. A. This is an appeal from the verdict, judgment of the conviction, from denial of a motion for a new trial, denial of a motion to suppress evidence, refusal to declare a mistrial, for a directed verdict, to dismiss, and from a denial of a motion to quash the information. The information was filed on June 4, 1964 and the final brief was filed in this court April 12, 1968.

Defendant had purchased two television sets and received a third set, all of which were proved at trial to have been stolen. One set was left at the home of a friend of the defendant's, at whose home defendant had obtained the TV sets from total strangers. On May 16, 1964 defendant departed for Nogales, Sonora, Mexico, with two sets in the friend's truck which he had borrowed. On the way, he was stopped for a traffic violation by a Tucson police officer. Observing the clearly visible TV sets in the pickup truck and being aware of recent thefts of television sets, the officer, without placing the defendant under arrest, called for a Spanish-speaking detective unit from the Tucson Police Department. One of the detectives also observed the television sets in plain sight in the truck and made inquiry of the defendant respecting the sets. Defendant responded by stating that the sets were his, that he had gotten them from a friend's home, and that he was taking them to Mexico, but he had no proof of ownership of the sets. Defendant was asked if he would accompany the detectives to headquarters to ascertain if the sets were stolen, and defendant agreed to do so and accompanied the detectives to headquarters where it was ascertained that the sets were stolen. The defendant was then placed under arrest for receiving stolen property and was immediately advised of his constitutional rights. Defendant then stated that he thought the sets must have been stolen when he bought them as the price he paid was so cheap. The police then obtained a search warrant for the friend's house and upon searching, discovered the third TV set which defendant had left there and which was also proved to have been stolen.

■ Defendant's brief sets up six assignments of error and six propositions of law, although assignments of error and propositions of law were abolished by Rule 5(b) § 7, and the deletion of Rule 5(b) § 8, Rules of the Supreme Court, 17 A.R.S., as amended. We will, however, consider this appeal on the merits and the questions raised by the defendant.

The first question raised claims error in denial of defendant's motion to dismiss and failure to prosecute within a 60-day period in violation of Rule 236, Rules of Criminal Procedure, 17 A.R.S. There is clearly no merit to this contention. Information was filed in superior court on June 4, 1964. A motion to quash the information was filed June 14, 1964 and a motion to suppress evidence was filed June 15, 1964. Both motions were denied. Defendant filed a motion for continuance September 24, 1964 on the grounds defendant was hospitalized and would be on the set trial date, October 7, 1964. There were eight stipulations filed by counsel for continuance and to vacate trial settings and reset the case, all of which were done by written stipulation and signed court orders. Defendant also filed a motion for continuance, which was granted, and the trial was finally held on November 22, 1966.

■ We find no merit to defendant's contention. All of the delays and continuances were with defendant's consent or by defendant's action. Rule 236, Rules of Criminal Procedure, states:

"* * * if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person * * * *unless the action has not proceeded to trial because of the defendant's consent or by his action.*" (Emphasis supplied.)

Also see, Hernandez v. State, 40 Ariz. 200, 11 P.2d 356 (1932).

At the arraignment on June 4, 1964 the defendant expressly waived the right to be tried within 60 days.

■ Defendant's second contention, that the court erred in refusing to suppress evidence as the result of illegal procedure fails as to the search of the truck. The TV sets in the truck were clearly visible and were not found by a search of the truck and could not have been obtained by unreasonable search and seizure. See, State v. Turner, 101 Ariz. 85, 416 P.2d 409 (1966); Ruiz v. State, 32 Ariz. 121, 246 P. 362 (1927); State v. Taylor, 2 Ariz.App. 314, 408 P.2d 418 (1965). As to the search of the friend's house, it was conducted pursuant to a valid search warrant and there is nothing in the record to indicate that the TV sets recovered from the house were obtained in violation of appellant's constitutional rights. The TV set found in the house was positively identified as having been found there and having been stolen. There is no question of consent to the alleged "search" as the TV sets introduced in evidence were obtained by the police lawfully and with defendant's consent.

Defendant next contends that the statements he gave to the police officers when he was stopped were elicited in violation of his constitutional rights and were improperly admitted into evidence. The only questionable testimony given relative to defendant's statements about the television sets was that of the police officer who spoke to defendant at the place where his truck was stopped. The officer testified that defendant said the sets were his, that he had no receipts, bills of sale, nor any proof of ownership, and that he was going to Mexico. All of the above conversation took place before the officer informed defendant of his right to remain silent and his right to counsel.

■ We hold that the principles of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) do not operate to render these statements inadmissible. Defendant was detained only because the police officer felt that the situation required investigation. Defendant was questioned very briefly and his answers were uncoerced and voluntary. We do not believe this constitutes custodial in-

terrogation within the dictates of *Miranda*. Green v. United States, 234 A.2d 177 (D.C. App.1967). At the very most, this was a preliminary inquiry into an unsolved theft. The accusatory stage had not been reached at the time defendant stated the sets were his. People v. Peterson, Cal.App., 59 Cal. Rptr. 694 (1967). In State v. Tellez, 6 Ariz.App. 251, 431 P.2d 691 (1967), this court:

> "[In Miranda and Escobedo] in which the rules on constitutional rights are developed, the crime was known, but the culprit was indistinct. Here, we have the opposite situation. The suspect is known, but the crime is indistinct. To put the matter in familiar terms, the police must have both reasonable grounds to believe that a crime has been committed and also reasonable grounds to believe that the defendant is the one who committed it. A.R.S. § 13–1403, subsec. 4. We believe that the point where the warning must be given is when the two generally coincide * * . *."

The *Miranda* rule was not violated and the statements here were properly admitted.

■■ . The next claim of error concerns the question of whether there was undue delay in taking the defendant before a magistrate. Defendant was stopped about 3:00 p.m. May 16. After preliminary examination at the scene, he voluntarily went to the police station, the purpose of the trip being to ascertain if the two TV sets in the truck were stolen. The defendant was placed under arrest and given the necessary warnings required by *Miranda* at that time. The written warrant of arrest was issued May 18 and the criminal complaint was filed the same date. Defendant was arraigned on May 19 and the preliminary hearing was set and heard on May 26.

■■ There is no evidence of an undue delay, and the delay of two days does not constitute reversible error. It has been held that unless the delay in some way deprives the accused of a fair trial, that there is no denial of due process. State v.

Sheffield, 97 Ariz. 61, 396 P.2d 828 (1964); also see, State v. Burrell, 102 Ariz. 136, 426 P.2d 633 (1967); and State v. Maldonado, 92 Ariz. 70, 373 P.2d 583 (1962).

■■■ Defendant also claims that there was error in not allowing cross examination of Detective Dunn as to the delay. We find no error in this in view of the fact that there was no offer of proof. Cross examination only goes to indicate the truthfulness of testimony by indicating honesty and integrity of witnesses, their ability to observe accurately at the time an event occurred, and the accuracy of recollection of past events. Kinsey v. State, 49 Ariz. 201, 65 P.2d 1141, 125 A.L.R. 3 (1937).

■■ Defendant next contends that the trial court erred in the giving of certain state's instructions. The instructions objected to are as follows:

Instruction No. 9:

> "Criminal intent is present whenever a person knowingly and voluntarily performs an act or acts which the law declares to be a crime. It does not require a knowledge that such conduct is wrong and may even exist in the presence of a belief that the act is right and lawful."

Instruction No. 13 merely defines the elements of the crime according to the elements set out in the statute.

Instruction No. 14:

> "The Court instructs you that the actual unexplained possession of recently stolen goods is a fact from which the possessor's guilt may be inferred by you, the jury."

Instruction No. 15:

> "While it must appear that the receiver of the stolen property had knowledge that it was stolen at the time he received it, it is not required that he have that positive knowledge which comes only from personal observation of a fact or from the direct statement of another. It may be inferred from other facts, and it is for the jury to decide whether the cir-

cumstances shown are such as to establish the ultimate fact that the accused knew the property was stolen."

Instruction No. 16:

"Every person who buys or receives any property which has been stolen or which has been obtained in any manner constituting theft, knowing the same to be so stolen or obtained, or who conceals, withholds, or aids in concealing or withholding such property from the owner, knowing the same to have been so stolen or obtained is guilty of receiving stolen property."

Defendant claims that these instructions are abstract and broadened the issues beyond the scope of the evidence, and that they emphasize a particular facet of the case. We have examined all of the instructions given and do not see that they are objectionable in any way. No record was made in the trial court that the instructions were abstract; however, an instruction is abstract only if it goes outside the issues of the case and is not applicable to the facts in evidence, as stated in State v. Willits, 96 Ariz. 184, 393 P.2d 274 (1964). Instructions 15 and 16 defined the crime and that the property in question was stolen. We can see no objection to these instructions.

■ Appellant finally contends that the prosecutor was guilty of misconduct. We have examined the statements alleged to have been made by the prosecutor in his final argument. The transcript of testimony before us does not contain arguments of counsel to the jury, and we therefore have no authentic basis for knowing if the argument complained of was actually made. We cannot, therefore, state that there was any error. The examination of these alleged arguments was not, in our opinion, error.

For the reasons stated, the judgment of the trial court is affirmed.

HATHAWAY, C. J., and LAWRENCE HOWARD, Superior Court Judge, concur.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge LAWRENCE HOWARD was called to sit in his stead and participate in the determination of this decision.