554 P.2d 890

**STATE of Arizona, Appellee,**

v.

**John Albert LEE, Appellant.**

**No. 1 CA–CR 1556.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 9, 1976.

Bruce E. Babbitt, Atty. Gen. by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edmund T. Allen, III, Deputy Public Defender, Phoenix, for appellant.

## OPINION

WREN, Judge.

The appellant, John Albert Lee, was convicted of grand theft and robbery on January 9, 1975. He was placed on three years probation. On August 22, 1975, he was found guilty of a subsequent robbery. A petition to revoke his probation was filed and a bench warrant served on appellant while in jail on September 4, 1975. On September 8, appellant made his initial appearance and was arraigned on September 15. At the arraignment, he was informed that he was charged with a probation violation by committing the robbery. Appellant denied the violation and the matter was set for hearing. On September 19, judgment was entered against appellant on the robbery charge and he was sentenced to five to seven years in prison. The court then informed appellant that by reason of this conviction, a probation violation was established. Probation was revoked and appellant was sentenced to one to three years in prison.

Appellant claims on appeal that the trial court erred in failing to follow the probation revocation procedures required by Rule 27.7 of the Arizona Rules of Criminal Procedure, 17 A.R.S. Under the rule, a probationer is entitled to three judicial proceedings before his probation can be revoked; a revocation arraignment, a violation hearing, and a disposition hearing. This hearing procedure is in compliance with the due process requirements for probation revocations recognized in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

Appellant first asserts that his revocation arraignment was not held until after the seven day time period provided in Rule 27.7(a)(1):

"(1) The revocation arraignment shall be held no more than 7 days after service of the summons or the probationer's initial appearance under Rule 27.6 before the issuing or assigned judge."

Although appellant was arraigned seven days after his September 8 initial appearance, he asserts that the seven days should have been computed from September 4, the day he was served with the warrant. We agree.

■ Rule 27.6 provides that a probationer arrested on a warrant must be taken without unreasonable delay for his initial appearance. Rule 4.1(c) interprets unreasonable delay as 24 hours. In our opinion, reading Rules 27.6 and 27.7(a)(1) together indicates an intention to compute the seven day time limit from the date of service of the warrant; on which day the initial appearance should have been held.

■ Appellant's revocation arraignment was, therefore, not timely. However, Rule 27 time limits are not jurisdictional and no sanctions are provided. Violations must be viewed from a due process standpoint, and a revocation reversed only if prejudice is demonstrated. *State v. Belcher*, 111 Ariz. 580, 535 P.2d 1297 (1975); *State v. Baylis*, Ariz.App., 553 P.2d 675 (1976); *State v. Chambers*, 23 Ariz.App. 530, 534 P.2d 461 (1975); See, *Carrion v. State*, Ariz., 552 P.2d 1197 (1976). No prejudice has been shown by the appellant in holding a late revocation arraignment.

■ Appellant also maintains that he was not afforded a disposition hearing. After he denied any probation violation at his arraignment, the court announced that it was setting the matter for *hearing,* but did not specifically identify the scheduled hearing as a violation or disposition hearing. Further, the trial judge did not inform appellant of his right to present mitigating evidence at the hearing. Appellant characterizes the September 19 hearing as a violation hearing, which was followed immediately by revocation and sentencing, thereby denying him the right to a separate disposition hearing.

Rule 27.7(e) provides:

"e. Disposition Upon Determination of Guilt of Subsequent Offense. If

there is a determination of guilty, as defined by Rule 26.1(c) of a criminal offense by the court which placed a probationer on probation, no violation hearing shall be required and the court shall set the matter down for a disposition hearing at the time set for entry of judgment on the criminal offense."

Clearly, no violation hearing was required in this case, since the same court (Maricopa County Superior Court) which found the defendant guilty of the robbery offense had also placed the appellant on probation. Furthermore, as required, the disposition hearing was held at the same time as the entry of judgment on the robbery charge. The September 19 hearing was a *disposition* hearing, and the fact that the court initially informed appellant that a probation violation had been established by the conviction did not convert it to a violation hearing. After being informed of the violation, the trial judge asked appellant:

"Do you have any reason or legal cause to show why I should not revoke your probation and sentence you now on this burglary charge?

"Mr. Lee: No."

We find no failure to comply with Rule 27.7 at the disposition hearing. The above-quoted portion of the record reflects the opportunity afforded to appellant to show any mitigating circumstances. We find no requirement in the Rule that the court specifically inform the probationer of his right to present evidence. Appellant was represented by counsel who presumably had read the probation revocation rules and was aware of the right to present mitigating evidence if any existed.

The judgment and sentence are affirmed.

JACOBSON, P. J., and SCHROEDER, J., concurring.