652 P.2d 561

Gilbert M. PADILLA, Petitioner,

v.

The SUPERIOR COURT OF ARIZONA In and For the COUNTY OF COCONINO and William F. Garbarino, a judge thereof, Respondent Judge,

The STATE of Arizona, Respondent Real Party in Interest.

No. 1 CA–CIV 6659–SA.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 14, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Asst. Atty. Gen., Chief Counsel Crim. Div., Gary A. Fadell, Asst. Atty. Gen., Phoenix, for respondents.

Fresquez & Fresquez by Michelle L. Ratner, Flagstaff, for petitioner.

## OPINION

KLEINSCHMIDT, Judge.

This cause was heard as a special action upon a petition alleging that the trial court's failure to order the petitioner's release from custody constituted an abuse of discretion.

The facts are not in dispute. On Friday, July 30, 1982, the petitioner, who had been placed on probation in December of 1981 subject to the condition that he not consume alcohol, was arrested in Coconino County for driving while intoxicated, a misdemeanor. On the same day he was afforded an initial appearance and released on his own recognizance. Before he was actually released from the jail a deputy sheriff contacted the petitioner's probation officer and the probation officer placed an "oral hold" on the petitioner. The deputy sheriff advised the petitioner that he would not be released because the probation officer intended to file a petition to revoke probation. The petitioner contacted his attorney who in turn contacted the probation officer. The probation officer told the attorney that he intended to file a petition to revoke probation.

The following Monday, August 2nd, petitioner's attorney again contacted the probation officer and was again told that a petition to revoke would be filed. One day later, on Tuesday, August 3rd, a petition to revoke the probation was in fact filed and a probation revocation warrant was issued and served.

The next day, on August 4th, the petitioner filed a Motion to Release Defendant which, in essence, was a petition for a writ of habeas corpus. This motion recited that the defendant had been arrested on an "oral hold" and invoked Rule 4.1(a) Ariz.R. Crim.P., which provides that a person arrested who was not brought before a magistrate within 24 hours after arrest shall be immediately released. This motion was heard the same day that it was filed and the trial court refused to release the petitioner. The court found that Rule 4.1 did not apply and that instead Rule 27.6, Ariz. R.Crim.P. did apply. Rule 27.6 provides that a probationer arrested on a revocation warrant shall be taken without unreasonable delay before the judge who issued the warrant for an initial appearance. The trial court further found that 48 working hours following a probationer's arrest is not an unreasonable delay under Rule 27.6.

On August 5th the court held an initial appearance on the probation revocation, set the revocation arraignment for August 9th and denied the petitioner's request for release pursuant to Rule 7.2(b) and (c), Ariz.R. Crim.P.

We accept jurisdiction for the purpose of clarifying a practice that lends itself to significant abuse but we deny the relief requested by the petitioner because on this record no prejudice of the type that would mandate release or dismissal has been shown.

First, we pass quickly over the petitioner's contention that the arrest was improper because the probation officer merely placed an "oral hold" on him and did not personally effect the arrest. A probation officer may, pursuant to A.R.S. § 13–901, make a warrantless arrest and we believe that such may be accomplished through a deputy sheriff by asking him to continue holding a probationer in custody so long as the person arrested is advised of the deputy's authority and the cause of the arrest as required by A.R.S. § 13–3888. It would be a better practice for the probation officer to personally interview the probationer and assess the need to detain him before doing so but the exigencies of some

situations may frequently make this impractical. The abuses to which the "oral hold" might lead are easy to imagine. Had this petitioner not had diligent counsel he might still be languishing in jail on the strength of nothing more than an "oral hold." This possibility makes the strict adherence to the rules relating to revocations all the more important.

■ The petitioner was arrested on a Friday and did not receive an initial appearance on the probation revocation matter until the following Thursday, a lapse of six days. Rule 27.6, Ariz.R.Crim.P. specifies that a probationer arrested on a probation revocation warrant shall be taken without unreasonable delay before the issuing judge for an initial appearance. At that time the probationer is to be advised of his right to counsel, informed that any statement that he makes prior to his hearing may be used against him, afforded a hearing regarding release and given a date for the revocation hearing.[1] The delay experienced here, whether couched in terms of days or working hours, was unreasonable and the trial court abused its discretion in not immediately ordering the petitioner's release. We base this conclusion upon the guidance provided by Rule 4.1(c), Ariz.R.Crim.P. and *State v. Lee,* 27 Ariz.App. 294, 554 P.2d 890 (1976). While we do not say that under all conceivable circumstances an initial appearance for a probationer must be held within 24 hours the delay occasioned here was clearly unreasonable. The state concedes this in its response to the petition.

■ A violation of the time limits for initial appearances under the Rules of Criminal Procedure does not carry an automatic sanction of dismissal. *State v. Mahoney,* 25 Ariz.App. 217, 542 P.2d 410 (1975); *State v. Lee,* 27 Ariz.App. at 295, 554 P.2d 890. A person denied a timely hearing in probation violation matters must demonstrate prejudice which resulted from the delay, *State v. Perez,* 7 Ariz.App. 567, 442 P.2d 125 (1968); *United States v. Wickham,* 618 F.2d 1307 (9th Cir. 1979), or the acts complained of must be of such quality as necessarily prevent a fair hearing, *State v. Maldonado,* 92 Ariz. 70, 373 P.2d 583 (1962).

■ At the hearing on the Petition for Special Action held before this court counsel for the petitioner suggested prejudice in that her client was in jail and could not accompany her to the scene where he was stopped by police to describe just how he was operating his vehicle at the time of the arrest. She further suggested prejudice in that she was unable to hold a joint conference between her client and a certain eyewitness which would afford her an opportunity to resolve potential inconsistencies in the evidence. We do not believe these rise to any violation of due process which would require dismissal. Nor do we believe that the abuse which occurred here mandates petitioner's release because he has now had a hearing on that issue pursuant to Rule 7, Ariz.R.Crim.P.

From the foregoing it might appear that the rules regarding speedy initial appearances create a right without a remedy where no prejudice to a fair trial has occurred. Those who might abuse this right are reminded that there is a well established body of law to the effect that civil liability may ensue from such conduct. *See State v. Maldonado,* 92 Ariz. at 76, n. 7, 373 P.2d 583.

The relief requested in the Petition for Special Action is denied.

OGG, P.J., and GRANT, J., concur.

---

1. Since Rule 27.6 contemplates an arrest pursuant to a warrant the petitioner argues that Rule 4.1(c) which requires that all persons arrested be taken before a magistrate without unnecessary delay applies to these proceedings. The sanction provided by Rule 4.1(c) for a failure to take an arrested person before a magistrate within 24 hours of arrest is immediate release.

In view of the fact that we find that the court abused its discretion in failing to grant the petitioner's release for a failure to provide a timely initial appearance under any rule petitioner's contention is moot. We think, however, that where the arrest is for a probation violation the rules applying to probation matters are the ones that must be followed.