666 P.2d 1080

STATE of Arizona, Appellee,

v.

Ronald Bruce GODFREY, Appellant.

No. 1 CA–CR 5850.

Court of Appeals of Arizona,
Division 1, Department D.

April 21, 1983.

Rehearing Denied June 2, 1983.

Review Denied July 6, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Robert M. Hall, Holbrook, for appellant.

## OPINION

MEYERSON, Judge.

Appellant was originally charged by indictment with two separate counts of theft, class 3 felonies. Following a jury trial he was convicted on count I, involving the theft of a motor vehicle and acquitted on count II, theft of certain personal property. Appellant thereafter entered a plea of guilty to the allegation of a prior convic-

tion. He was sentenced to a presumptive term of 7.5 years in the Arizona State Prison. On appeal, appellant raises four issues:

1. Did the court's failure to swear the jury until the beginning of deliberations make the verdict a nullity?

2. Is A.R.S. § 13–1801, as applied to appellant in this case, unconstitutional?

3. Must the judgment on count I be vacated because appellant's initial appearance did not occur within the time limits set forth in Rule 4.1, Ariz.R.Crim.P. (Supp.1982) ("Rule")?

4. Was the allegation of a prior conviction untimely?

## I.

### FAILURE TO SWEAR THE JURY

■ The record shows that the oath required by Rule 18.6(b)[1] was not administered to the jurors until after the trial was complete and shortly after the jury began its deliberations. The jury was selected on November 4, 1981, and was excused in the late afternoon. On the morning of November 5, 1981, after a pre-trial hearing, opening statements were made and the trial commenced without the oath being administered. No objection to the failure to swear the jury was made. After being instructed, the jurors left the courtroom to begin deliberations and less than five minutes later were recalled to the courtroom and the oath was administered to them. Defense counsel moved for a mistrial based on the fact the jury had just been sworn.

Relying on *People v. Pelton,* 116 Cal.App. Supp. 789, 7 P.2d 205 (1931), appellant argues that a verdict by an unsworn jury is, as a matter of law, a nullity. The state responds, as did the prosecutor below, that appellant has failed to show any prejudice and the failure to administer the oath to the jurors prior to the commencement of trial was a purely technical violation of Rule 18.6(b) and thus was harmless error.

At the outset, we note that *People v. Pelton* is not applicable to the facts in this case. In *Pelton,* the jurors were never sworn. A case more closely on point, *United States v. Hopkins,* 458 F.2d 1353 (5th Cir.1972), held that the trial court's failure to administer the oath until after the government's case had been presented was harmless error. *Id.* at 1354. Citing cases from various jurisdictions, the court found that the defendant had shown no prejudice by the delayed swearing of the jury, no objection had been made by the defendant, and the oath was administered before the jury began its deliberations. *E.g., Hollis v. People,* Colo., 630 P.2d 68, 70 (1981) (jury not sworn until after state's witness began testifying and no objection by defendant, held harmless error); *Stark v. State,* 133 Miss. 275, 97 So. 577 (1923) (swearing jury after presentation of state's evidence and over defendant's objection upheld); *State v. Frazier,* 339 Mo. 966, 982, 98 S.W.2d 707, 716 (1936) (if jurors are sworn during the progress of the trial and before they begin to deliberate upon their verdict, the error is not fatal). These cases exemplify the apparent majority view that a failure to swear the jury until the case has commenced is generally harmless error, at least, where there is no actual prejudice shown and the oath is administered prior to deliberations. *Contra People v. Pribble,* 72 Mich. App. 219, 249 N.W.2d 363 (1976).

In this case, the jury was advised of the necessity of taking notes during trial in the court's preliminary instruction and was requested to carefully listen to the evidence by counsel in opening arguments. In addition, defense counsel did not call to the court's attention that the jury had not been sworn, or suggest that the instructions by the court following the trial were not complete and adequate. Although the jurors left the courtroom to confer in the jury room, it appears that they were recalled

1. Rule 18.6(b) reads, in pertinent part, as follows:

Oath. Each juror shall take the following oath:

I swear (or affirm) that I will give careful attention to the proceedings, abide by the court's instructions and render a verdict in accordance with the law and evidence presented to me (so help me God).

within minutes to be sworn. Under these facts, we hold that the failure to administer the oath prior to trial was a technical violation of Rule 18.6(b) and does not constitute reversible error. *See State v. Smith,* 113 Ariz. 298, 300, 552 P.2d 1192, 1194 (1976) (for error to be reversible it must be prejudicial).

■ The court does not mean to suggest by its holding in this case that the oath is unimportant or a mere formality. To the contrary, the juror's oath is an essential element of the constitutional guarantee to a trial by an "impartial" jury. And if the oath were not given at all we would have no hesitation in finding reversible error even absent any showing of actual prejudice. Indeed, in the normal course of affairs, the oath must be given at the outset of the proceedings. Because the jurors were sworn prior to their deliberations, and there is no manifest appearance or suggestion that the jurors disregarded their obligations, we have concluded that no reversible error was committed in this case.

## II.

### *A.R.S. § 13–1801*

■ In count II, of the two count indictment, the state aggregated the value of items alleged to have been stolen by appellant, as authorized by A.R.S. § 13–1801(8). Appellant argues this is constitutionally defective. However, we need not reach the merits of the issue raised by appellant because he was acquitted on count II. It is clear that he has no standing to challenge the constitutionality of A.R.S. § 13–1801, as he has not been prejudiced by its application. *State v. Smith,* 130 Ariz. 74, 76, 634 P.2d 1, 3 (Ct.App.1981).

## III.

### FAILURE TO COMPLY WITH RULE 4.1

■ The record on appeal shows appellant's date of arrest as December 5, 1980, with a release date of December 23, 1980, after his arraignment. He argues that the untimeliness of his initial appearance, after 18 days incarceration, requires that the action against him be dismissed with prejudice.

Rule 4.1 requires that a person arrested be taken before a magistrate without unnecessary delay. The rule requires that an arrested person who is not brought before a magistrate within twenty-four hours be immediately released. The issue raised by appellant was specifically addressed by the supreme court in *State v. Gilbert,* 105 Ariz. 475, 477, 467 P.2d 63, 65 (1970), wherein the court stated that "the mere abuse of his rights does not entitle him to a dismissal of the criminal action pending against him." *See Padilla v. Superior Court,* 133 Ariz. 488, 652 P.2d 561 (Ct.App.1982). This issue is without merit.

## IV.

### ALLEGATION OF PRIOR CONVICTION

■ Appellant argues that the motion to add a prior conviction was not filed in a timely manner in accordance with Rule 16.-1. We note that the motion to·add an allegation of prior conviction was filed with the court on April 9, 1981. As noted previously, appellant was not tried until November 4, 1981. The trial court did not abuse its discretion under A.R.S. § 13–604.K. (Supp.1982) by permitting the state to allege the prior conviction. *State v. Kelly,* 123 Ariz. 24, 26, 597 P.2d 177, 179 (1979).

The judgment is affirmed.

HAIRE, P.J., and EUBANK, J., concur.