NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

LARZ GENE ZOTIGH, *Appellant.*

No. 1 CA-CR 13-0778
FILED 07-01-2014

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-111303-001
The Honorable Justin Beresky, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Patricia A. Orozco joined.

_____

**S W A N N**, Judge:

**¶1**    Defendant Larz Gene Zotigh appeals the trial court's order reinstating him on probation based upon a finding that he violated a condition of his probation.  This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Defendant's appellate counsel has searched the record on appeal and found no arguable, nonfrivolous question of law, and asks us to review the record for reversible error.  *See Anders*, 386 U.S. 738; *Smith v. Robbins*, 528 U.S. 259 (2000); *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999).  Defendant was given the opportunity to file a supplemental brief *in propria persona* but did not do so.

**¶2**    We have searched the record for reversible error and find none.  Accordingly, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶3**    Defendant pled guilty to possession or use of marijuana, a class 6 undesignated felony offense, and the court placed him on probation for two years beginning on the date of his release from prison for two separate offenses.  One of Defendant's probation conditions required him to report to the probation department within 72 hours of discharge from prison.  Defendant placed his fingerprint on the order of probation and signed the Uniform Conditions of Probation, both of which included the 72-hour reporting requirement and the latter of which included the probation department's address and phone number.  Defendant's signed conditions further stated: "I acknowledge receipt of the conditions of probation and any attachments added.  I understand that by not abiding by the conditions of probation my probation could be revoked and the Court may sentence me in accordance with the law."

**¶4**    Defendant was released from prison on May 11, 2013, and placed on parole until mid-July.  In June and July, the probation department attempted to contact him through mail and a visit to his last-known address.  After attempts to locate Defendant proved unsuccessful,

the probation department petitioned to revoke his probation in part because he had failed to comply with the 72-hour reporting requirement. Defendant was eventually arrested in September and denied the alleged probation violation.

¶5            At the witness violation hearing, Defendant testified that he did not think he had to report to the probation department upon his release from prison because he was reporting to a parole officer at that time and the officer told Defendant that he had no further obligations once he finished parole. Defendant acknowledged, however, that it was his responsibility to determine whether he was on probation regardless of what the parole officer may have told him. The court stated that it believed Defendant had made an honest mistake but that it remained Defendant's responsibility to report for probation.

¶6            The court ultimately found that Defendant had violated the 72-hour reporting requirement and reinstated him on probation for two years, ordering the term of probation to run retroactively from the date of Defendant's original probation. Defendant timely appeals.

## DISCUSSION

¶7            The state must prove a probation violation by a preponderance of the evidence. Ariz. R. Crim. P. 27.8(b)(3). We will uphold a trial court's finding that a probationer has violated probation unless the finding is arbitrary or unsupported by the evidence. *State v. Vaughn*, 217 Ariz. 518, 521, ¶ 14, 176 P.3d 716, 719 (App. 2008). Here, the state presented properly admissible and sufficient evidence to support the court's reinstatement of probation. Although Defendant may have been confused about his probation requirements, he was personally responsible for complying with them and failed to do so.

¶8            The record shows that Defendant was present and represented at all critical stages and was given an opportunity to speak at disposition. The court stated on the record the evidence and materials it considered and the factors it found in reinstating him on probation. The court acted within its discretion in reinstating Defendant on probation for two years based on his guilty plea to a class 6 undesignated felony offense. *See* A.R.S. § 13-902(A)(4).

¶9            The court erred, however, by proceeding with disposition immediately after the witness violation hearing. *See* Ariz. R. Crim. P. 27.8(c)(1) ("A disposition hearing shall be held *no less than 7* nor more than 20 days after a determination that a probationer has violated a condition

3

or regulation of probation." (emphasis added)). A probationer may waive a disposition hearing and "[i]f the waiver is accepted, the court may proceed forthwith to dispose of the proceeding under Rule 27.8(c)." Ariz. R. Crim. P. 27.8(d). Although neither party objected to the court's initiative to immediately proceed with disposition, the record does not indicate that Defendant explicitly waived his right to a disposition hearing nor that the court accepted such a waiver. Nevertheless, "Rule 27 time limits are not jurisdictional and no sanctions are provided. Violations must be viewed from a due process standpoint, and a revocation reversed only if prejudice is demonstrated." *State v. Lee*, 27 Ariz. App. 294, 295, 554 P.2d 890, 891 (1976). In this case, Defendant was not prejudiced by the premature disposition because the court reinstated him on probation for the same length of time and commencing on the same date as his original two-year probation. *See State v. Huante*, 111 Ariz. 236, 237, 527 P.2d 281, 282 (1974) ("[T]he time limits [of Rule 27] are imposed to give the probationer time to prepare his defense and to protect him from 'lengthy unwarranted incarceration.'").

**CONCLUSION**

¶10      We have reviewed the record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We therefore affirm the reinstatement of Defendant's probation.

¶11      Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Defendant of the status of this appeal and Defendant's future options. *Id.* Defendant has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Ariz. R. Crim. P. 31.19(a). Upon the court's own motion, Defendant has 30 days from the date of this decision in which to file a motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D: gsh