NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CIRCE DIANNE MATTISON, *Appellant.*

No. 1 CA-CR 15-0444
FILED 2-11-2016

Appeal from the Superior Court in Yavapai County
No.  V1300CR201080060
The Honorable Michael R. Bluff, Judge

**JUDGMENT AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

David Goldberg, Attorney at Law, Fort Collins, CO
By David Goldberg
*Counsel for Appellant*

Circe Mattison, Goodyear
*Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

J O H N S E N, Judge:

**¶1**        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following the revocation of Circe Mattison's probation and resulting imposition of sentence. Mattison's counsel has searched the record and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999). Counsel now asks this court to search the record for fundamental error. Mattison has filed a supplemental brief identifying various issues, which we address below. After reviewing the entire record, we affirm the revocation of Mattison's probation and the imposition of her sentence, but we modify the judgment of conviction to reflect 63 days of presentence incarceration credit.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In 2010, Mattison pled guilty to four counts of forgery, Class 4 felonies.[1] The superior court suspended imposition of sentence and placed Mattison on probation for three years. Nearly three years later, Mattison's probation officer filed a petition to revoke probation because Mattison had an outstanding restitution balance of $5,032.87. After a hearing, the court extended Mattison's probation for another two years. Following the filing of a second petition to revoke in April 2014, the court reinstated probation and placed Mattison on supervised probation for four years. In May 2015, her probation officer filed a third petition to revoke. After a hearing, the court revoked Mattison's probation and imposed concurrent sentences of 2.5 years' incarceration on each count and awarded 62 days of presentence incarceration credit.

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the judgment and resolve all inferences against Mattison. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        Mattison timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033 (2016).[2]

## DISCUSSION

### A.    Issues Raised in Supplemental Brief.

¶4        Mattison contends the superior court erred when it found she violated her probation by failing to complete the required amount of community service.  At the violation hearing, Mattison's probation officer testified Mattison failed to complete her community service.  Although Mattison testified she completed the 20 hours of service, she did not offer any supporting evidence.  Accordingly, the superior court did not err when it found by a preponderance of evidence that Mattison violated the community-service term of her probation.

¶5        Mattison also asserts that after she was diagnosed with serious mental illness two years ago, she was told she would be transferred to a probation officer with more specialized experience.  The transfer, however, never occurred.  She contends that if she had been assigned a different probation officer, she would have complied with the terms of her probation.  Mattison, however, provides no legal support for the proposition that her diagnosis entitled her to a different probation officer, and the record does not demonstrate how a transfer would have allowed her to meet her probation requirements.  The court revoked Mattison's probation for failing to report to her probation officer as required in April 2015 and failing to complete community service hours.  Mattison testified that she did not report in April because she made a mistake and reported twice in March.  As noted above, Mattison contends she did complete her community service hours.  Thus, nothing in the record suggests that Mattison's inability to comply with her probation requirements resulted from a failure to transfer her to a specialized probation officer.

¶6        The court properly sentenced Mattison to 2.5 years' incarceration, the presumptive sentence for a Class 4 non-dangerous, non-repetitive felony.  *See* A.R.S. § 13-702(A), (D) (2016).  Mattison asks us to reduce her sentence so that she can care for her family and more quickly pay her outstanding restitution balance.  But Mattison's family obligations

---

[2]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

and financial difficulties did not require the superior court to reduce her sentence, and it is not the place of this court to do so. *See State v. Long*, 207 Ariz. 140, 147, ¶ 37 (App. 2004) ("Absent finding a clear abuse of discretion, we will not modify a sentence that is within the statutory limits."). Accordingly, we decline Mattison's request.

## B.     Due Process Review.

¶7          Mattison was present and represented by counsel at all critical stages of the revocation proceeding. *See State v. Jackson,* 16 Ariz. App. 476, 478 (1972) ("A defendant is entitled to the presence and participation of [his or her] counsel at the hearing on revocation of probation and at the resulting imposition of sentence.").

¶8          Pursuant to Arizona Rule of Criminal Procedure 27.8(b)(3), the State must prove a probation violation by a preponderance of the evidence. The court's determination that a defendant violated a probation term will not be reversed unless it is unsupported by any theory of the evidence. *State v. Tatlow*, 231 Ariz. 34, 39, ¶ 15 (App. 2012). The court found the State proved by a preponderance of the evidence that Mattison violated her probation by failing to report as directed and by failing to complete her hours of community service. Sufficient evidence supports the superior court's determination that Mattison violated probation. She testified she did not report to her probation officer in April 2015 and her probation officer testified Mattison had completed only 40 of the required 60 hours of community service. The court can revoke probation only for a violation of a condition of which Mattison had written notice. *See* Ariz. R. Crim. P. 27.8(c)(2). Mattison signed and received written copies of her probation conditions, including the conditions she was accused of violating. In June 2014, Mattison received a copy of the condition that she complete 60 hours of community service, and in January 2015, Mattison received a copy of the condition requiring her to report to her probation officer either the first or third Monday of every month. Before sentencing, the court provided Mattison an opportunity to speak. Thereafter, it revoked her probation and imposed a sentence within the statutory range for four counts of forgery.

¶9          Mattison's disposition hearing was held only four days after the court found her in violation. *See* Ariz. R. Crim. P. 27.8(c)(1) ("A disposition hearing shall be held no less than 7 nor more than 20 days after a determination that a probationer has violated a condition or regulation of probation."). Under Arizona Rule of Criminal Procedure 27.8(d), however, a probationer may waive a disposition hearing and proceed directly to disposition after a violation finding. There is no indication that Mattison

was prejudiced by the court's decision to set her disposition hearing only four days after the finding of a violation. Probation violations are "viewed from a due process standpoint, and a revocation reversed only if prejudice is demonstrated." *State v. Lee*, 27 Ariz. App. 294, 295 (1976). Mattison was sentenced to 2.5 years' incarceration, the same sentence she faced when she pled guilty to the four counts of forgery. *See State v. Huante*, 111 Ariz. 236, 237 (1974) (Rule 27 time limits allow a probationer to prepare his/her defense and protect a probationer from a lengthy sentence).

¶10 The court awarded Mattison 62 days of presentence incarceration credit. The record reveals Mattison was incarcerated two days in 2010, three days in 2013, 28 days in 2014 and 30 days in 2015, for a total of 63 days. Thus, Mattison should be awarded one additional day of presentence incarceration credit. We modify the sentence accordingly. *See* Ariz. R. Crim. P. 31.17(b); *State v. Stevens*, 173 Ariz. 494, 495-96 (App. 1992) (modifying an award of presentence incarceration credit without remand to superior court).

**CONCLUSION**

¶11 For the foregoing reasons, we affirm the revocation of probation and the imposition of sentences as modified.

¶12 After the filing of this decision, defense counsel's obligations pertaining to Mattison's representation in this appeal have ended. Defense counsel need do no more than inform Mattison of the outcome of this appeal and her future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by

5

petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Mattison has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* motion for reconsideration. Mattison has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama