NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BENNY DAVID GIBSON, *Appellant.*

No. 1 CA-CR 18-0859
FILED 12-26-2019

Appeal from the Superior Court in Maricopa County
No. CR2011-141134-002
The Honorable Pamela S. Gates, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

Benny D. Gibson, Florence
*Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**S W A N N**, Chief Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from probation-violation proceedings that resulted in the revocation of Benny David Gibson's probation on one count and the reinstatement of his probation on another count. Gibson's counsel identifies no fundamental error but notes that the probation arraignment was untimely. Gibson identifies several issues for review in a pro per supplemental brief. We have reviewed the record and considered the issues identified by Gibson and his counsel. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We find no fundamental error, but we note and correct a misstatement in the court's orders reinstating probation. We therefore affirm as corrected.

## FACTS AND PROCEDURAL HISTORY

**¶2** Gibson pled guilty in 2016 to three counts of attempted child abuse, class three felonies and dangerous crimes against children. The superior court sentenced him to prison for Count 3 to be followed by lifetime supervised probation for Counts 1 and 8.

**¶3** Gibson was discharged from prison in February 2018. A probation officer promptly met with Gibson and reviewed with him the conditions of his probation, including conditions that Gibson receive prior approval from the probation department before changing his residence (Condition 7), actively participate and cooperate in counseling as determined by the probation department (Condition 11), and not consume alcohol (Condition 16).

**¶4** The state petitioned to revoke Gibson's probation in October 2018. At the initial appearance on October 30, the court found Gibson indigent and set the matter for a November 7 hearing. The court learned at the November 7 hearing that the public defender's office had not yet assigned Gibson counsel. The court therefore reset the matter for

November 14.  At the November 14 hearing, Gibson was arraigned and unsuccessfully moved for dismissal under Ariz. R. Crim. P. ("Rule") 27.8(a)(1), which requires arraignment no later than seven days after the initial appearance.

¶5        The matter proceeded to a November 26 violation and disposition hearing at which the state presented evidence of the following facts.  On six occasions between March and October 2018, the probation officer directed Gibson to begin domestic violence counseling, but Gibson did not do so.  Gibson also failed to obtain prior approval before signing a lease for a new residence in June, and in October he disclosed—and a breathalyzer test confirmed—that he had consumed alcohol.

¶6        The court found that Gibson had violated Conditions 7, 11, and 16.  The court reinstated lifetime probation on Count 8 but revoked probation on Count 1 and sentenced Gibson to a ten-year prison term with credit for 28 days of presentence incarceration.

## DISCUSSION

¶7        We detect no fundamental error.  Though Gibson was not timely arraigned under Rule 27.8(a)(1), the delay would entitle him to relief only if it caused him prejudice.  *See State v. Lee*, 27 Ariz. App. 294, 295 (App. 1976).  Gibson alleged no prejudice in the superior-court proceedings; indeed, he declined the court's offer to expedite the violation hearing on the ground that he would benefit from additional time to prepare.  Likewise, he identifies no prejudice on appeal.

¶8        Contrary to Gibson's contention, he was not entitled to a probable cause hearing.  *See* Rule 27.7–27.8.  Under Rule 27.8(b)(3), the state was required to establish by a preponderance of the evidence that Gibson violated conditions of his probation.  The state met that burden with respect to Conditions 7, 11, and 16.  The record contains no support for Gibson's contention that "petty" violations were "trumped up" at the prosecutor's direction.  By contrast, the record reveals that the state gave Gibson many chances before seeking revocation.  Gibson acknowledges on appeal that, consistent with the evidence presented to the superior court, he consumed alcohol—a violation of Condition 16.  Further, his version of events concerning Condition 7 is inconsistent with the evidence presented at the violation hearing.  Finally, though Gibson contends that his violation of Condition 11 was beyond his control because he was unable to afford the domestic violence counseling, the record reveals that in June the state accommodated his request to use a low-cost provider, but he thereafter

failed to engage with that provider and offered excuses unrelated to his ability to pay.

**¶9**        Based on the foregoing, the superior court lawfully revoked Gibson's probation for Count 1 and reinstated it for Count 8.[1]  *See* Rule 27.8(c)(2).   The court allowed Gibson to speak before it imposed the sentence for Count 1, and the court stated on the record the materials it considered and the facts it found in imposing the sentence.  Contrary to Gibson's contention, the court imposed a lawful sentence for Count 1.  *See* A.R.S. §§ 13-3623(A)(1), -1001(A), -705(J), (O), (Q)(1)(h), -712(B); *see Wright v. Gates*, 243 Ariz. 118, 120–21, ¶ 10 (2017).  With respect to the reinstated probation for Count 8, we observe that the court identified the nature of the conviction as child abuse, a class three felony and a dangerous crime against children—a combination unavailable under the law.  *See* A.R.S. §§ 13-3623(A)(1), -705(Q)(1)(h).  The record clarifies the confusion—Gibson was convicted on Count 8 for *attempted* child abuse, properly characterized as a class three felony and a dangerous crime against children.  *See* A.R.S. §§ 13-3623(A)(1), -1001(A), -705(J), (O), (Q)(1)(h); *see Wright*, 243 Ariz. at 120–21, ¶ 10.  Because it is clear from the record that the court simply misstated the nature of the conviction in the disposition order and the conditions of probation, we correct those documents to reflect that Gibson was reinstated on probation for attempted child abuse.  *Cf. State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013) (holding that when trial court's oral pronouncement of sentence conflicts with minute entry, appellate court can correct minute entry if record clearly identifies the intended sentence).

## CONCLUSION

**¶10**        We affirm the revocation of Gibson's probation and the dispositions as corrected.  Defense counsel's obligations pertaining to this appeal have come to an end.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Gibson of the status of this appeal and his future options.  *Id.*  Gibson has 30 days from the date of this decision to file a petition for review *in propria persona*.  *See* Rule 31.21(b)(2)(A).  Upon the court's own motion,

---

[1]        Indeed, even if we were to accept Gibson's contentions that he did not violate Conditions 7 and 11, his admitted violation of Condition 16 would by itself justify the dispositions.  *See State v. Wilson*, 150 Ariz. 602, 604–05 (App. 1986).

Gibson has 30 days from the date of this decision in which to file a motion for reconsideration.  *See* Rule 31.20(c).



AMY M. WOOD • Clerk of the Court
FILED:  AA