HARRISON PERRYMAN V. THE STATE.

No. 9612.   Delivered December 23, 1925.

**1.—Sale of Intoxicating Liquor—Verdict of Jury—After Being Received Cannot be Changed.**

Where, on a trial for sale of intoxicating liquor, the jury returned their verdict convicting appellant, assessing his punishment at confinement in the penitentiary for one year and one day, and finding that appellant was under the age of twenty-five years, recommended that his sentence be suspended. Such verdict having been read in open court, by the clerk, the jury having been polled, and told by the court that they were finally discharged, they could not thereafter be reassembled and permitted to bring in another and different verdict in the same case.

**2.—Same—Continued.**

It is to be noted that the reassembling of the jury, before they had finally separated, was not for the mere correction of an informality in the verdict, but was the attempted rendition if an entirely different verdict, and their act was that of a collection of individuals who had previously been, but were no longer, members of a jury.

**3.—Same—Bill of Exception—Bystanders Bill—How Perfected.**

Under Art. 667, C. C. P. of 1925, a bystanders bill, supported by the affidavits of three bystanders certifying to the correctness of the matters set out in the bill and also that the bill of exceptions was presented to the trial judge and that he refused to sign it, will be considered by this court. If it is contended by the state that the bill is insufficient to show its presentation to the trial court, its form is such to command consideration, under Art. 1607 Vernon's Tex. Civil Statutes.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Adams & Moore,* of Nacogdoches, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

It appears that after argument and charge of the court, the jury came from their retirement with the following verdict:

"No. 6236. The State of Texas v. Harrison Perryman. We, the jury, find the defendant, Harrison Perryman, guilty of unlawfully selling intoxicating liquor, as charged in the indictment, and assess his punishment by confinement in the State Penitentiary for one year and one day. We further find that he has never before been convicted of a felony in this State or any other State, and that he is under twenty-five years of age, and recommend that his sentence be suspended."

From Bill of Exceptions No. 1, we quote the following:

"The Court received the above verdict and had same handed to the Clerk and ordered the Clerk in the presence of the jury to read the same; after same was read there seemed to be some misunderstanding regarding the verdict on the part of some of the jurors, in that some of the jurors wanted to talk to the Court about the verdict, but the Court then had the jury polled and each and all stated that the above verdict was their verdict, and after the polling of the jury and being informed that the above was the verdict of the jury, the Court then stated to the jury these words:

" 'Gentlemen of the Jury, you are discharged.' "

" * * * and after the Court had discharged the jury by the use of the words aforesaid, the said S. M. Adams, attorney for defendant, stated to the said W. H. Grigsby, who was foreman of the jury, these words:

" 'I know what you wanted to do, you wanted to put into the blank the word 'not'.'

And after this the foreman W. H. Grigsby, addressed the Court and remarked that he wanted to inquire of the Court about the verdict, and the Court asked the other jurors to remain there and said to Mr. Grigsby these words: 'Is that your

verdict?' and Mr. Grigsby remarked: 'Yes, if you understand it, Judge.' Then considerable wrangling was had by the Court and defendant's attorney, S. M. Adams, about the correction of the verdict, in that the jury had been discharged and the verdict received, and stated that the verdict could not be corrected, and he asked that sentence (be) passed.

Whereupon the Court then stated to the men who had composed the jury rendering the above verdict to wait and ordered them to return to the jury room and further consider of their verdict, this being done over the objections of the defendant and the men who composed the jury returned to the jury room and under the instructions of the Court deliberated some time and returned into court the following verdict: * * *"

The verdict returned was the one quoted save that it stated that the appellant was not under twenty-five years of age and that they recommended that his sentence be not suspended.

There was some question raised touching the sufficiency of the bystanders' bill. It appears that the bill contained the matter hereinabove quoted and also other matters showing the objection of appellant's counsel to the procedure. The bill is not signed by the judge, but the affidavits of three bystanders are to the effect that the procedure is correctly recited in the bill and that the bill of exceptions was presented to the trial judge and that he refused to sign it. The affidavits are not controverted. The Statute setting out the requisites of a bystanders' bill and the conditions under which it may be prepared is Article 2063, Vernon's Tex. Civil Statutes, which requisites are by Statute made applicable to trials in criminal cases. See Art. 744, Vernon's Tex. Crim. Stat. Vol. 2; also Art. 667, C. C. P. 1925. If, as contended by the State, the bill is insufficient to show its presentation to the trial court, its form is such as to command consideration under Art. 1607, Vernon's Tex. Civil Statutes.

It is to be noted that in the reassembling of the jury, it was not a mere correction of an informality in the verdict that was attempted but the rendition of an entirely different verdict. Under the verdict first received, the right of having the appellant's sentence suspended was accorded, while in that subsequently written, this privilege was denied.

It is believed that before the jurors were reassembled their identity as an organized body had ceased, and the verdict upon which the judgment rests is but the act of a collection of individuals who had previously been members of the jury. To give a verdict the vitality that will authorize the imprison-

ment of an individual, it is essential that it be by a jury selected and impaneled under the forms of law and that the verdict be rendered before the jury is dissolved.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*