HOPKINSON'S ADMX. ET ALS. *v.* STANLEY D. STOCKER.

(70 A2d 587)

Special Term at Rutland, November, 1949.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed January 3, 1950.

*Gibson & Crispe* for the defendant.

*Osmer C. Fitts* and *Robert T. Gannett, II* for the plaintiffs.

SHERBURNE, C. J.   This is an action for trespass and wrongful cutting of timber and seeking treble damages under P. L. 8540.

On October 28, 1948, the jury returned a verdict for the plaintiffs in the amount of $5,000.00, and thereupon was dismissed by the court and separated. Subsequently it was reported to the court by one of the jurors that an error might have been made in the computation of the amount of the damages, and the defendant filed a motion to poll the jury. On November 3, 1948, the court recalled the jurors into the jury box, and asked them if the verdict for $5,000.00 was the verdict which they intended to return, to which the foreman and all answered that the verdict was not correct. Whereupon the court said: "The Court is going to ask that you retire to the jury room and upon the evidence which you already have and no other information and no other discussion and no other consideration of the matters of damage, that you refigure the damages in this case and return a corrected verdict." To this exceptions were allowed both parties. A purported corrected verdict for the plaintiffs in the amount of $500.00 was thereupon returned, and the jurors were again dismissed, and the plaintiffs were allowed exceptions. Subsequently the plaintiffs filed a motion for judgment upon the $5,000.00 verdict and a motion to set aside the $500.00 verdict. Plaintiffs' motions were denied and, by a divided court, judgment was entered upon the $500.00 verdict, to all which the plaintiffs excepted.

No record was kept concerning what the juror told the court in the presence of counsel for both parties. Because of the briefing it is necessary to mention certain statements made by counsel. In chambers after the resubmission defendant's counsel, for the purpose of perfecting the record, stated that Mr. Marden, one of the jurors, informed the court that the jury had made a mistake in calculation, in that after much deliberation they had concluded that the defendant had cut 50,000 feet of standing timber, and they fixed the value at $10.00 a thousand, but that in figuring the damages the foreman arrived at the figure of $5,000.00, making an error in the decimal point, and that if he had figured it correctly it would have been $500.00. When the jury returned with the amended verdict the court asked if either party wished to poll the jury, and counsel of each replied "No". After the jury was again discharged plaintiffs' counsel, for the purpose of correcting the statement of defendant's counsel, stated that as he recollected Mr. Marden's statement to the court, he first spoke of 100,000 feet as being the first figure that the jury had considered, even to the ex-

tent of having reduced that figure into dollars by multiplying it by $10.00 a thousand and arriving at $10,000.00, and he then stated that it was the jurors' considered opinion that 50,000 feet was the amount cut, and that the dollar damage in connection therewith was $5,000.00 on the basis of the $10,000.00 which they had arrived at in considering 100,000 feet, and he further stated that in the consideration of trebling the damages, he and two other jurors had felt that the defendant had not sustained the burden upon him, and that the damages, or a part thereof, should have been trebled; however, in view of the amount of $5,000.00 which had been arrived at as single damages, he indicated that treble damages were passed up because $5,000.00 seemed to be adequate from a dollar point of view. Defendant's counsel then stated that as he understood it the jury stood nine to three against treble damages, and decided on no treble damages. In view of the court's question to the jury, and the answers given, it is probable that the mistake was one of computation only.

So far as called to our attention we have only two cases in which a verdict has been permitted to be amended by the jury after their discharge from the case. In *Montgomery* v. *Maynard*, 33 Vt 450, 455, 456, the jury returned a verdict that the plaintiff was in arrear to the defendants in the sum of $13.60 and that the defendants recover that sum of the plaintiff, with costs, and the verdict was recorded. In about five minutes after the verdict was rendered, the counsel of the plaintiff informed the court that the jury, by mistake, had rendered a verdict for the defendants to recover $13.60 of the plaintiff, when in fact they intended to render a verdict for the plaintiff to recover that sum from the defendants. The jury were called back, and were inquired of if they had had any conversation with any one since the return of the verdict, and none had except one who had gone to the tavern, and being asked how the verdict was, had replied that it was for the plaintiff for $13.60. The court then stated to the jury that they had been informed that there was an error or mistake made by them in their verdict, and that they had intended a verdict for the plaintiff instead of the defendants, and inquired of them if there was any mistake. The foreman replied that there was a mistake in the verdict, that it was his own fault, in filling up the blank given to the jury by the clerk; that he had, by mistake, filled out and signed the one for the defendants, when the jury had all agreed upon one for the plaintiff.

The court thereupon directed the jury to take back their verdict and retire and consult as to the same, and bring in such a verdict as they really intended to render. The jury retired and soon brought in a verdict that the defendants were in arrear to the plaintiff in the sum of $13.60, and that the plaintiff recover the same of the defendants, with costs. This Court said: "The court would clearly have been justified in allowing the jury to correct the verdict in open court, or in themselves correcting it, by having the assent of the jury, and how the substance of the matter is changed by sending the jury out of the court to make the correction, and then assent to it in court, is not very·apparent. The court having power to amend the verdict, the particular mode of doing it rested in their discretion, and forms no ground of error, at least where there appears no ground to suspect any unfairness or injury by the course pursued."

In *In Re Sawyer's Will*, 102 Vt 473, 480, 150 A 128, the jury returned a verdict sustaining the will, and then separated. It was discovered later that the title in the verdict was that of a codicil, in which the court had directed a verdict disallowing the codicil, and not the title of the case tried. The jury was recalled, the verdict was corrected by inserting the proper title, and the jury delivered the verdict in open court. Held no error on the authority of *Montgomery* v. *Maynard, supra,* and *Foote* v. *Woodworth,* 66 Vt 216, 222, 28 A 1034, 1036. In the latter case, after a defendant's verdict was returned and read in open court for the defendant to pay his own costs, the court told the jury that they had no control over costs, and sent them back, and they returned with a verdict for the defendant to recover his costs. This Court said there was no error, that "the jury went out of their province in awarding costs, and the court might, in the first instance have treated that part of the verdict as surplusage."

It has long been settled in this State that affidavits of jurors will not be received to show any impropriety in the conduct of the jury, or improper mode of arriving at the verdict, in order to set it aside. *Downer* v. *Baxter,* 30 Vt 467, 475; *Sheldon* v. *Perkins,* 37 Vt 550, 557; *Tarbell* v. *Tarbell,* 60 Vt 486, 494, 15 A 104; *Carpenter* v. *Willey,* 65 Vt 168, 177, 26 A 488; *Baker & Sons* v. *Sherman,* 71 Vt 439, 457, 46 A 57; *Marcy* v. *Parker,* 78 Vt 73, 88, 62 A 19; *Dailey* v. *Bond,* 94 Vt 303, 111 A 394.

The general principle that the statements of the jurors will

not be received to establish their own misconduct is, as a rule, considered as not preventing the reception of their evidence as to what really was the verdict agreed upon, in order to prove that, through mistake or otherwise, it has not been correctly expressed. 53 Am Jur, Trial, § 1110. In *McCabe Lumber Co.* v. *Beaufort County Lumber Co.*, 187 NC 417, 121 SE 755, an action for trespass, the jury brought in a verdict of $10,800.00 at noon. They separated and went out to dinner. About 2 P. M. several jurors approached the judge, and stated that a mistake had been made in the verdict and they desired to correct it. Whereupon the jury was reassembled, and upon inquiry each and every one stated, that instead of $10,800.00 it should have been $1,800.00. It was their finding that the plaintiff should be allowed $1.00 per 1000 feet of lumber cut, but the foreman in calculating the amount erroneously computed it on the basis of $1.00 per 100 feet. Whereupon the court, over plaintiff's objection, allowed the jury to retire with the issues, and to reform their verdict in accordance with the original agreement and understanding. Plaintiff objected and tendered verdict as originally rendered. Upon review the court stated; "It is firmly established in this state that jurors will not be allowed to attack or overthrow their verdicts, nor will evidence from them be received for such purpose. * * * But this does not affect the power of the court to perfect a verdict, nor to correct any inadvertence or mistake that may have occasioned the entry of a verdict at variance with the real finding of the jury. The mistake presents not an impeachment of the verdict, but a correction of it as the law allows".

In *Little* v. *Larrabee,* 2 Me 37, 11 Am Dec 43 ; and in *Weston* v. *Gilmore,* 63 Me 493, the holdings are to the effect that where an error has been made by the jurors, either in returning a verdict for the wrong party, or for a larger or smaller sum than they intended, and thereupon they have separated, the court will not amend the verdict, but will set it aside, and the affidavits of the jurors are admissible to show the error.

▮ In this case all of the jurors, in answer to the court's question if the verdict of $5,000.00 was the verdict they intended to return, stated that the verdict was not correct. Their amended verdict of $500.00 shows that the mistake was, as indicated by counsel, in the computation or the location of the decimal point. We think that the statements of the jurors were not in impeachment of their verdict, but a correction of it, as in *McCabe Lumber Co.* v. *Beau-*

*ford County Lumber Co., supra.* However, the verdict should have been set aside and a new trial granted, rather than resubmitting the case. We endorse the statement in *Weston* v. *Gilmore, supra,* as follows: "We have not the remotest suspicion that there was any unfair practice in the present case; but we think it better that a party should occasionally suffer the delay and expense of a new trial. than that such a source of embarrassing and troublesome inquiries, with doubtful and pernicious results, should be opened as would inevitably follow the allowance of the recommitment of cases to juries after verdict rendered and affirmed, and opportunity afforded for them to be influenced by conversation with the parties or others."

*Judgment reversed, new trial granted, and cause remanded.*