### State of Vermont v. Jody A. Gilman

[483 A.2d 598]

No. 83-360

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed August 31, 1984

*William S. Bos,* Windsor County State's Attorney, and *Shelley A. Hill,* Deputy State's Attorney, White River Junction, for Plaintiff-Appellee.

*Bruce M. Lawlor* and *Deborah S. McCoy,* Springfield, for Defendant-Appellant.

**Hill, J.** The defendant appeals her conviction for driving while under the influence in violation of 23 V.S.A. § 1201 (a) (2). We affirm.

The defendant's first argument on appeal is that the State failed to prove beyond a reasonable doubt that the arresting officer, Roland Daniels, Jr., was certified by the Vermont Criminal Justice Training Council (Council) as a full-time law enforcement officer. The defendant claims that if Mr. Daniels was not properly certified, he was not authorized to arrest the defendant, so that the arrest was illegal and in violation of the defendant's due process rights.

In reviewing the defendant's claim on appeal, we must determine whether the evidence, when viewed in the light most favorable to the State, was sufficient to convince the jury that Officer Daniels was a law enforcement officer whose arrest of the defendant was valid. See *State* v. *Derouchie*, 140 Vt. 437, 445, 440 A.2d 146, 150 (1981) (the test for reviewing the sufficiency of the evidence on appeal is "whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt").

At trial, Officer Daniels testified that he had been a police officer in Georgia, and was certified in that state as an officer. He stated that when he moved to Vermont the Council exempted him from the minimum training requirements of 20 V.S.A. § 2358.* Daniels testified that he attended several training courses in Vermont and was given a Certificate of Completion of Training by the Vermont Criminal Justice Training Council. Although the State did not introduce this certificate at trial, defense counsel admitted in his brief on appeal that the State had supplied the defense with a copy of the certificate. Finally, Daniels testified that he was paid by the town of Hartford, Vermont, as a full-time officer.

---

* According to 20 V.S.A. § 2358, a person may not exercise law enforcement authority as a full-time officer unless he or she has completed a certain basic training course. The Vermont Criminal Justice Training Council may, however, waive this requirement in some circumstances. 20 V.S.A. § 2358(a).

■ Viewing the above evidence in the light most favorable to the State, we conclude that the State produced sufficient evidence to convince the jury beyond a reasonable doubt that Officer Daniels is certified as a full-time police officer. We therefore reject the defendant's argument.

The defendant next contends that the trial court erred in prohibiting her from testing Officer Daniels' truth and veracity through the combined use of a pending civil action against Daniels alleging brutality and Daniels' affidavit of probable cause in that civil suit. The defendant asserts that she should have been allowed to show that Daniels is an untruthful person by pointing out that the plaintiff in the civil action alleged that Daniels beat him during an arrest but that Daniels failed to include this information in his affidavit of probable cause. The defendant claims that she could have used the inference that Daniels lied in that affidavit to impeach the part of Daniels' affidavit in her case that was inconsistent with her testimony at trial.

■ The State contends that use of the complaint and affidavit in the civil action to imply untruthfulness on the part of Officer Daniels in the case at bar is logically untenable. We agree, and hold that the trial court did not abuse its discretion in prohibiting the defendant from using the allegations and affidavit in the pending action to impeach Officer Daniels. *State* v. *Berard,* 132 Vt. 138, 147, 315 A.2d 501, 508 (1974) (discretion of trial court in allowing examination on collateral issues depends on remoteness of the issue).

The defendant's third argument is that the trial court erred in admitting information concerning her weight because such information was obtained in violation of her Fifth Amendment right against self-incrimination.

■ The defendant was given her *Miranda* warnings when she was arrested and she requested an attorney. Once a defendant indicates that he or she wishes to speak with an attorney, the police may not ask the defendant any more questions. *Miranda* v. *Arizona,* 384 U.S. 436, 444–45 (1966) ; *State* v. *Hohman,* 136 Vt. 341, 351, 392 A.2d 935, 941 (1978). In this

case, however, Officer Daniels asked the defendant to tell him her weight. Daniels testified that this information is important in a DUI arrest because it is used by the chemist in determining the percentage of alcohol in the defendant's blood.

We do not reach the issue of whether Officer Daniels' question violated the defendant's Fifth Amendment right against compelled self-incrimination, because we hold that the defendant has waived this argument. The defendant should have moved, prior to trial, to have the evidence of the defendant's weight suppressed on the ground that it was illegally obtained. V.R.Cr.P. 12(b)(3) ; State v. Driscoll, 137 Vt. 89, 100, 400 A.2d 971, 978 (1979). Although the defendant raises the issue of a violation of one of her constitutional rights, unless that alleged violation rises to the level of plain error, it can be waived by failing to raise it at the appropriate time. See V.R.Cr.P. 52(b) (plain errors and defects affecting substantial rights may be noticed although not raised) ; In re Raymond, 137 Vt. 171, 178, 400 A.2d 1004, 1008 (1979) ("Even well established constitutional rights can be waived by failure to raise them."). A review of the record before us discloses no plain error in failing to suppress the evidence.

The defendant's final argument is that her motion for mistrial should have been granted because the State's impeachment of her witness by use of the alco-sensor test was improper and prejudicial. At trial, the defendant presented testimony by a person who was a passenger in the defendant's car when she was arrested. This witness testified that the defendant was sober when she was driving. The State then sought to impeach this testimony by eliciting Officer Daniels' opinion that this passenger was intoxicated when he stopped the defendant's car. Daniels stated that the passenger's breath smelled of alcohol, her eyes were bloodshot, and her speech was slurred. He also testified that he had given the passenger an alco-sensor test; he did not, however, testify as to the results of that test.

We reject the defendant's argument. Vermont Rule of Evidence 607 specifically provides that "[t]he credibility of a witness may be attacked by any party . . . ." The testimony

elicited from Officer Daniels went directly to the issue of the credibility of the defendant's passenger by questioning the passenger's ability to perceive and remember the events of the night the defendant was arrested. Such ability or inability is directly related to the level of her alcohol impairment that night. Daniels' opinion testimony, therefore, was proper.

The defendant argues that Daniels' testimony that he gave the passenger an alco-sensor test was improper. As support, the defendant cites 23 V.S.A. § 1202(b), which states that "[t]he results of the breath alcohol screening test shall not be introduced as evidence . . . ." In the case at bar, however, the results of the witness' breath test were not introduced into evidence. Therefore, we find no merit in the defendant's argument, and do not reach the question whether the quoted statement from § 1202(b) applies to witnesses such as the passenger in this case, or only to defendants in DUI trials.

*Affirmed.*