## State of Vermont v. Randall Clark

[565 A.2d 1332]

No. 88-217

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed August 4, 1989

*Jeffrey L. Amestoy*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Joseph S. Wool* and *Pamela L. Hall*, Law Clerk (On the Brief), of *Wool & Murdoch*, Burlington, for Defendant-Appellant.

**Dooley, J.** Defendant appeals from a conviction, after a jury trial, of driving under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). We affirm.

The sole issues on appeal relate to the court's denial of defendant's motion to suppress all evidence in the case as obtained in violation of his privilege against self-incrimination. Defendant was involved in an auto accident in Williston. The trooper who arrived on the scene noticed signs of intoxication, but did not ask defendant to perform any dexterity tests. However, he later accompanied defendant into a hospital treatment room and undertook to read him his rights under *Miranda.* When asked, "Do you want a lawyer, Yes or No?" defendant responded, "Yes, but not now. I'll get [a] personal attorney."

Following the reading of the warning, the trooper continued to question defendant, who made statements as to his alcohol consumption that day and what he had eaten, statements defendant now characterizes as admissions. He then spoke with his attorney and subsequently gave a breath sample to the officer.

Prior to trial defendant filed a motion to suppress dealing with the inability of the State to relate the test result back to the time of operation. He did not raise any issue relating to statements obtained by the State in violation of his *Miranda*

rights. Over defendant's objections, the court treated the motion as a motion in limine and reserved ruling until trial.

On the opening day of trial, about six months thereafter, defendant advised the court that he wished to include a *Miranda* violation claim in his motion. The court denied this expanded motion as untimely under V.R.Cr.P. 12(b)(3)* and thus the *Miranda* issue was deemed waived. At trial, defendant objected both to the trooper's testimony and that of the chemist for the State. Both objections were unavailing so that the test result and the evidence of defendant's eating and drinking activities prior to the accident were admitted. Defendant was convicted, and the present appeal followed.

Defendant argues here that the trial court erred in ruling that he waived the *Miranda* issue by failing to file a timely motion "prior to trial" as required by V.R.Cr.P. 12(b)(3). The results of that failure are clearly prescribed in V.R.Cr.P. 12(f), which states:

> (f) **Effect of Failure to Raise Issues.** Failure by the defendant to present any of the defenses, objections, or requests required by subdivision (b) of this rule to be made prior to trial, or to raise any other pretrial errors or issues of which the party has knowledge, at the times provided in subdivision (c) of this rule shall, except as otherwise provided in these rules and subject to constitutional limitations, constitute waiver thereof. The court for cause shown may grant relief from the waiver.

Defendant offers no explanation for his failure and suggests no cause for which the trial court might have granted relief from waiver. Thus, the rule clearly states that the motion to suppress was untimely and the trial court did not have to consider it. See *State v. Kennison*, 149 Vt. 643, 645, 546 A.2d

---

* V.R.Cr.P. 12(b)(3) states:

　　(b) **Pretrial Motions.** Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Unless otherwise ordered for cause under subdivision (f) of this rule, the following must be raised prior to trial if then known to the party:

　　. . . .
　　(3) Motions to suppress evidence on the ground that it was illegally obtained; . . . .

190, 191–92 (1987); *State v. Gilman,* 145 Vt. 84, 88, 483 A.2d 598, 600 (1984).

Defendant appears to raise two arguments to take himself out of the waiver provision of the rule: (1) it does not apply to suppression motions based on constitutional rights; and (2) there was no need to raise the issue pretrial in light of the deferral of his motion to suppress the test results. In our view, neither argument avoids the waiver in this case.

Neither Rule 12(b)(3) nor Rule 12(f) distinguish between motions made on constitutional grounds and motions made on other grounds. In *In re Raymond,* 137 Vt. 171, 178, 400 A.2d 1004, 1008 (1979), we noted that "[e]ven well established constitutional rights can be waived by failure to raise them." We have applied the waiver provision in cases where a defendant has made motions to suppress on constitutional grounds. See *State v. Kennison,* 149 Vt. at 645, 546 A.2d at 192; *Gilman,* 145 Vt. at 88, 483 A.2d at 600. This application is consistent with the similar federal rule. The federal rule was amended effective August 1, 1975, to include suppression motions in the list of those that must be raised prior to trial. See Fed. R. Crim. P. 12(b)(3). The Advisory Committee Note accompanying the amendment states:

> Subdivision (b)(3) makes clear that objections to evidence on the ground that it was illegally obtained must be raised prior to trial. This is the current rule with regard to evidence obtained as a result of an illegal search. It is also the practice with regard to other forms of illegality such as the use of unconstitutional means to obtain a confession. It seems apparent that the same principle should apply whatever the claimed basis for the application of the exclusionary rule of evidence may be. This is consistent with the court's statement in Jones v. United States, 362 U.S. 257, 264 (1960): "This provision ... requiring the motion to suppress to be made before trial, is a crystallization of decisions of this Court requiring that procedure, and is designed to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt.".

Fed. R. Crim. P. 12(b)(3) advisory committee's note (citations omitted).

■ Rule 12(f) does provide that the waiver policy is "subject to constitutional limitations." As the Reporter's Notes indicate, this provision is a reference to any constitutional limits on the use of the waiver policy, for example, where the record shows it was not knowing and intelligent. We can find no constitutional impediment to a waiver here.

■ Defendant's second ground is that action on the original motion to suppress was delayed until trial, obviating any need for the defendant to specify all the grounds. The motion defendant made related solely to "the result of the breath testing procedure" and the only ground was that "the state chemist will be unable to give his expert opinion ... as to the BAC at the time of operation." The court properly treated the motion as a motion in limine and reserved it to trial because it related to the state of the evidence at trial and it was too early to tell what evidence would come in. See *State v. Dubois*, 150 Vt. 600, 602, 556 A.2d 86, 88 (1988) (proper course is to defer ruling until trial if "court can conceive of a set of circumstances that would make the evidence admissible"). Nothing in the pretrial motion related to defendant's statements to the officer or his self-incrimination rights.

■ ■ Failure to address all the evidence a defendant wants suppressed in an initial motion is a waiver of the right to seek suppression of other evidence if the second motion is not made prior to trial. See *United States v. Basey*, 816 F.2d 980, 993–94 (5th Cir. 1987). Similarly, failure to specify all the grounds for suppression prevents an untimely attempt to add new grounds. See *United States v. Restrepo-Rua*, 815 F.2d 1327, 1329 (9th Cir. 1987). The filing of a motion to suppress that can be dealt with only at trial cannot preserve the right to file an untimely motion that should be addressed well in advance of trial. Defendant's motion to suppress his statements was the kind of allegation of "government misconduct not relevant to the issue of guilt" that should be resolved as early as possible to give the parties the ability to prepare for trial. See *United States v. Mangieri*, 694 F.2d 1270, 1283 (D.C. Cir. 1982). The failure of the court to decide the original motion to suppress does not change the result in this case.

■ We recognize that the failure to preserve defendant's suppression motion does not prevent our review of the issue if we find plain error. See *Gilman*, 145 Vt. at 88, 483 A.2d at 600; see also *State v. Taylor*, 438 A.2d 1279, 1282 (Me. 1982) (issue reviewable if defendant deprived of a fundamentally fair trial). At most, defendant can claim that his answer to the question of whether he wanted a lawyer was confused and required the trooper to make further inquiry as to whether defendant wished to continue answering questions before speaking to an attorney. He cannot argue that the trooper made no effort to pose the proper question to him or that the response did not, at least on its face, appear to consent to further interrogation. We do not find plain error in this case.

■ Since we have concluded that defendant waived the opportunity to have suppressed his answers to questions about his eating and drinking prior to arrest, there was clearly sufficient evidence to relate the BAC test results back to the time of operation.

*Affirmed.*