**STATE of Vermont v. Jeffrey DUNBAR**

[772 A.2d 533]

No. 99-520

April 10, 2001. Defendant Jeffrey Dunbar appeals from a felony conviction for a second offense of violating an abuse prevention order under 13 V.S.A. § 1030 in the Caledonia District Court. On appeal, defendant argues that (1) the felony conviction was in error because the jury should not have been reconvened after being dismissed, and (2) that the trial court's instructions to the jury were unclear and confusing. We agree as to (1) and conclude that issue (2) has not been preserved. We strike the felony conviction leaving a misdemeanor conviction.

On February 16, 1999, defendant was charged with violation of an abuse prevention order by indirect contact with his wife, Donna Dunbar, on February 15. In the information, the State charged that defendant had been convicted of a similar offense in 1997 and sought a felony conviction under the enhanced penalty provision of 13 V.S.A. § 1030(b). Jury selection was conducted on May 18, 1999, and the trial was held on May 21, 1999.

No evidence of defendant's prior conviction was presented during the trial. The jury returned a guilty verdict. The State did not seek a post-verdict opportunity to show the prior conviction, and defendant did not raise the issue. The court discharged the jury and ordered a presentence investigation. The sentencing was set for July 14, 1999.

Defendant subsequently filed a motion for judgment of acquittal, raising for the first time that the State had failed to prove the prior conviction and arguing that defendant could be convicted only of a misdemeanor, first offense. The court denied the motion and ordered the jury

recalled to determine whether defendant had been convicted of a prior violation of an abuse prevention order. Defendant opposed the recall, arguing that once it was discharged, the jury could not be recalled. After a brief trial on October 9, 1999, the jury determined that defendant had been convicted of violating an abuse prevention order in 1997.

Although we have not interpreted § 1030(b) in this context, the State does not dispute that the jury had to find the predicate conviction beyond a reasonable doubt in order for the court to impose the greater sentence authorized by that statute. As early as *State v. Spaulding*, 61 Vt. 505, 17 A. 844 (1889), this Court held that the jury must determine the existence of the predicate conviction as part of the charged offense. See *id.* at 515, 17 A. at 848. The procedure is set out in *State v. Cameron*, 126 Vt. 244, 227 A.2d 276 (1967), as follows:

> Notice of such intention [to seek an enhanced sentence] by the prosecution must be given before arraignment . . . . This must be done by charging the principal offense and the prior conviction(s) in two parts in the complaint.
>
> . . . .
>
> The question of prior conviction(s) would be settled if the respondent admits such fact, or pleads nolo contendere thereto, on his arraignment. On the other hand, the respondent might deny the sufficiency of the record alleged as to his prior conviction(s) or his identity with the person so convicted, and request a jury trial. This, he is entitled to do. Or, if a jury trial is waived, the question would be resolved by the court after hearing and findings of fact.

> When the prior status of the accused is denied and the accused has been convicted of the principal offense, trial by jury then proceeds on that issue if such trial is requested. And it becomes the duty of the prosecuting officer to prove beyond a reasonable doubt the fact or facts denied. But the guilt or innocence of the respondent respecting any former conviction is not an issue.
>
> Whether the question is for resolution by the court or jury, the matter of prior conviction(s) is to be withheld from the jury trying the principal charge. The fact of a prior conviction or convictions does not become material until after the conviction of the accused on the substantive offense on trial is established, and then only for the purpose of enabling the trial judge to impose the proper sentence.

*Id.* at 249, 227 A.2d at 279-80 (citations omitted).

The State argues that under the *Cameron* procedures defendant has the obligation to request a jury determination of whether there was a predicate conviction. We disagree. Defendant pled not guilty to the State's information, and was not asked to plead specially on the enhancement question. His silence on the enhancement issue must be taken as a denial, not a waiver. See V.R.Cr.P. 11(a)(1); *Cameron*, 126 Vt. at 249, 227 A.2d at 279 (question is settled if defendant "admits such fact" or pleads nolo contendere).[1]

___

[1] The State relies particularly on the phrase in *Cameron*: "trial by jury then proceeds on that issue if such trial is requested." 126 Vt. at 249, 227 A.2d at 279. It argues that the phrase means that defendant must specially request trial on

Since the State had to prove the predicate conviction, and failed to do so before the jury was discharged, the felony enhancement conviction is valid only if the court could recall the jury after it was discharged. The "general rule is that a jury may not be reassembled after discharge to amend a verdict." *State v. Roberge*, 155 Vt. 121, 124, 582 A.2d 142, 144 (1990). In *Roberge*, we allowed a discharged jury to be recalled because it had delivered a verdict on only one of three counts. The recall occurred while the jurors were still in the courthouse after they had rendered their initial verdict. Following the recall, they were polled on the additional counts. We distinguished those circumstances from *Hopkinson's Administratrix v. Stocker*, 116 Vt. 98, 70 A.2d 587 (1950), a civil case in which the jury was recalled after six days to correct a mathematical error in its verdict. In *Stocker*, we reversed the corrected verdict because the six-day interval created too great an opportunity for the jury to be influenced by conversations with others, including the parties. *Id.* at 103, 70 A.2d at 590. After reviewing *Stocker*, we held in *Roberge* that the recall was valid because "(1) there [was] no allegation of impropriety or tampering, and practically no opportunity for discussion with or influence by outsiders; and (2) the jury did not retire to reconsider the issues, but merely answered the questions that ought to have been put to it moments before." 155 Vt. at 125, 582 A.2d at 145.

The time period here — over four and a half months — is far greater than that for which we could say that there was little opportunity for outside influences. Indeed, in response to questions from

defense counsel, a number of jurors indicated they had discussed the case since the verdict. We conclude that this case is governed by the general rule that a jury cannot be reassembled after it is discharged.[2]

Because the recall of the jury was in error, the State failed to prove the predicate offense, and the jury failed to find it. Thus, defendant could be convicted only of the first offense misdemeanor specified in § 1030(a). Although the sentence actually imposed, a five hundred dollar fine, is within the maximum authorized for the misdemeanor offense, we cannot determine what sentence would have been imposed if the court had sentenced only for the misdemeanor. Accordingly, we strike both the judgment and sentence and remand for entry of a new judgment and sentence.

Defendant also argues that the jury charge was so confusing that he is entitled to a new trial. In order to challenge jury instructions on appeal, defendant must "object[] thereto before the jury retires to consider its verdict." V.R.Cr.P. 30. Defendant failed to make an objection to the charge after it was delivered, and, therefore, has waived any challenge to the instructions. See *State v. Pelican*, 160 Vt. 536, 538, 632 A.2d 24, 25-26 (1993). We decline to consider his challenge.

*The judgment of conviction, and sentence imposed on the judgment, are stricken, and the matter is remanded for entry of a new judgment, and imposition of a new sentence, consistent with this order.*

---

the enhancement issue, or the issue is waived. We read the language as addressing whether trial will be held by jury or by court, and not imposing on defendant a special pleading requirement.

---

[2] In view of our rationale, we do not reach whether reassembling the jury violated defendant's double jeopardy rights.