2004 VT 26

**STATE of Vermont v. Peter C. TRIPP**

[848 A.2d 343]

No. 03-001

¶ 1. March 12, 2004. Defendant appeals from a conditional guilty plea to posses-sion of marijuana. He claims the court should have suppressed certain evidence because it was gathered in violation of Article 11 of the Vermont Constitution. We affirm because defendant waived the issue.

¶ 2. Defendant pled guilty after our remand in *State v. Schofner*, 174 Vt. 430, 434, 800 A.2d 1072, 1077 (2002) (mem.), an interlocutory appeal from the trial court's order suppressing evidence. At issue in the interlocutory appeal was whether the trial court properly suppressed evidence collected pursuant to a search warrant. The search warrant was based on information gathered by tax listers who entered defendant's land to examine his property for tax assessment purposes. We reversed the suppression order because it was not justified under precedents interpreting the Fourth Amendment to the United States Constitution. *Id.* at 434, 800 A.2d at 1076. Although defendant raised a claim under Article 11 of the Vermont Constitution before the trial court and later on appeal, he failed to brief the issue adequately in both instances. Our entry order in *Schofner* thus rejected defendant's Article 11 claim. We explained that defendant "failed to articulate any basis that would justify affording [him] greater protection under Article 11 than is required by the Fourth Amendment." *Id.* at 434, 800 A.2d at 1077. On remand, defendant moved to suppress the same evidence on Article 11 grounds and, in contrast to his first motion, provided a full explanation for his position. The trial court denied the motion finding that defendant had waived the claim. We agree. "[F]ailure to specify all the grounds for suppression prevents an untimely attempt to add new grounds." *State v. Clark*, 152 Vt. 304, 308, 565 A.2d 1332, 1334 (1989). Defendant waived his Article 11 claim by not presenting it adequately in his original motion to suppress or in his brief in the interlocutory appeal. Accordingly, we

find no error and do not reach the merits of defendant's Article 11 claim.

*Affirmed.*