

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00102-CR

PAUL LEONE                                                         APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## DISSENTING OPINION

----------

Respectfully, I must dissent from the majority opinion because the only evidence on the issue indicates that a group of people who had been a grand jury in the past returned the indictment. This void indictment did not vest the trial court with jurisdiction.

Appellant preserved his right to appeal the denial of his motion to set aside the indictment and timely appealed. In one issue, he contends that the trial court improperly denied his motion to set aside the indictment because it was not

presented until sixteen months after the term of the grand jury returning it had expired.

The record reflects that on November 5, 2008, a Wichita County grand jury ostensibly returned an indictment charging Appellant with the offense of harassment by a person in a correctional facility. But on its face, the indictment reflects that the grand jury was impaneled in January 2007 to serve for a six-month term. The trial court judicially noticed that it had not extended the term of the January 2007 grand jury.

Appellant filed a pretrial motion to set aside the indictment on the ground that, because the term of the grand jury had expired, the indictment did not confer jurisdiction upon the trial court. Appellant did not raise a mere defect of form; he did not complain, for example, that a foreman had failed to sign the indictment or that the grand jury had not been properly sworn; instead, he complained that the indictment was not delivered by a sitting grand jury and therefore that the trial court had no jurisdiction over his case. To vest a trial court with jurisdiction of a criminal action, a grand jury, not a group of people who formerly served on a grand jury, must present an indictment or information charging a person with the commission of an offense.[1]

The Texas Code of Criminal Procedure provides, in relevant part,

---

[1]*See* Tex. Const. art. V, § 12(b); Tex. Code Crim. Proc. Ann. art. 20.21 (West 2005).

2

[T]he judge of the district court in which said grand jury was impaneled may, by the entry of an order on the minutes of said court, extend, from time to time, for the purpose of concluding the investigation of matters then before it, the period during which said grand jury shall sit, for not to exceed a total of ninety days after the expiration of the term for which it was impaneled, and all indictments pertaining thereto returned by the grand jury within said extended period shall be as valid as if returned before the expiration of the term.[2]

Conversely, a grand jury that acts beyond its term, when the trial court has not extended that term, is no grand jury at all. Any indictment that it may purport to return confers no jurisdiction on the trial court. Such an indictment is not automatically invalidated, however, and the defendant bears the burden of showing the indictment is invalid in his case.[3]

The Texas Court of Criminal Appeals has confirmed that

[t]he Texas Constitution requires that, unless waived by the defendant, the State must obtain a grand jury indictment in a felony case. Absent an indictment or valid waiver, a district court does not have jurisdiction over that case. An indictment also provides a defendant with notice of the offense and allows him to prepare a defense. Further, the constitutional guarantee is intended to provide the accused an impartial body which can act as a screen between the rights of the accused and the prosecuting power of the State.[4]

---

[2]Tex. Code Crim. Proc. Ann. art. 19.07 (West 2005).

[3]*See State v. Flournoy*, 187 S.W.3d 621, 623–24 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Suit v. State*, 161 Tex. Crim. 22, 25, 274 S.W.2d 701, 703 (Tex. Crim. App. 1955)).

[4]*Teal v. State*, 230 S.W.3d 172, 174–75 (Tex. Crim. App. 2007) (citations and internal quotation marks omitted).

The *Teal* court also discussed the legislature's commitment to requiring a defendant to call to the attention of the trial court defects in the indictment, allowing the State the opportunity to correct or amend an indictment.[5]

Here, Appellant filed his motion to set aside the indictment, showing that the indictment was returned beyond the term of the grand jury stated in the indictment. The trial judge judicially noticed that he had not extended the term of the grand jury. The State's solution was to amend the indictment to show that the grand jury was impaneled on a different date, but the State offered nothing to support this amendment to the indictment.

The State argues that it is not necessary to plead the date the grand jury was impaneled, but that is beside the point. It was undisputed at trial that the term of the grand jury was only six months. No one suggested that the grand jury was actually impaneled on a different date from that alleged in the indictment originally or that changing the date in the indictment was a correction of an incorrect date. The State merely suggested that it was safe to assume that the term that was stated in the grand jury indictment "was simply a typo which is subject to amendment." The State, however, offered no evidence to support its speculation or to overcome the date the grand jury was impaneled as stated in the original indictment. There was no suggestion that the special prosecutor actually knew whether the January grand jury had returned the indictment or whether the indictment contained a typographical

---

[5]*Id.* at 176–79.

4

error.  After taking the matter under advisement, however, the trial court amended the preamble of the indictment to indicate that the grand jury had been "duly organized at the July Term A.D. 2008."

A presumption of regularity cannot control in the case now before this court because the record does indeed disclose otherwise.[6]  And nothing but speculation suggests that the language of the indictment was an incorrect statement of fact. Nothing but speculation suggests that a grand jury other than the grand jury impaneled in January of the previous year returned the indictment.  Nor did the trial judge take judicial notice that any grand jury other than the then-defunct January-term grand jury returned the indictment.

Appellant satisfied his burden of showing that the indictment against him was returned after the term of the grand jury had ended and was therefore incapable of conferring jurisdiction on the trial court.  Other than rank speculation, there is no evidence that the indictment was properly returned by other than the January grand jury.

The Texas Constitution guarantees that "no person shall be held to answer for a [felony] criminal offense, unless on an indictment of a grand jury . . . ."[7]  The "impartial body which [the Texas Constitution has designed to] act as a screen

---

[6]*See Meek v. State*, 851 S.W.2d 868, 870 (Tex. Crim. App. 1993); *Davidson v. State*, 225 S.W.3d 807, 811 & n.2 (Tex. App.—Fort Worth 2007, no pet.).

[7]Tex. Const. art. I, § 10.

between the rights of the accused and the prosecuting power of the State"[8] is not a mere form that can be capriciously substituted, completed, or invented with no evidence to show that the change actually reflects historical fact. Just as the verdict of a petit jury that returns the verdict after it has been discharged is not a valid verdict but merely "the act of a collection of individuals who had previously been members of the jury,[9] a purported indictment returned by a grand jury whose term has expired is similarly not a valid indictment but merely the act of a collection of individuals who previously had been members of the grand jury. Any such purported indictment returned by that collection of individuals cannot confer jurisdiction over any criminal defendant in a felony case.[10]

The original indictment showed on its face that the grand jury term had expired, and Appellant drew the trial court's attention to that fact by filing his motion to set aside the indictment. The onus was then on the State to show on the record that the grand jury was lawfully impaneled and that its indictment was lawfully returned. The State failed to present any evidence to satisfy its obligation.

---

[8]Brian A. Kilpatrick, Comment, *The Constitutional Right to Indictment by a Grand Jury: Does It Survive after* Studer v. State *and the 1985 Constitutional and Statutory Amendments?*, 44 Baylor L. Rev. 345, 345 (1992); *Teal,* 230 S.W.3d at 175 (citing same).

[9]*Perryman v. State*, 102 Tex. Crim. 531, 533, 278 S.W. 439, 440 (1925).

[10]*See, e.g., Ex parte Wynne*, 772 S.W.2d 132, 134–35 (Tex. Crim. App. 1989); *Ex parte Edone*, 740 S.W.2d 446, 447 (Tex. Crim. App. 1987).

The indictment handed down by a defunct grand jury did not vest jurisdiction with the trial court. I would therefore sustain Appellant's sole issue, vacate the trial court's judgment, and dismiss this case.[11] Because the conscientious majority does not, I must respectfully dissent.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: March 6, 2014

---

[11]*See* Tex. R. App. P. 43.2(e).