*Nault v. Rocky Dell Builders, Inc.*, No. 1-1-13 Wmcv (Wesley, J., July 24, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Windham Unit | Docket No. 1-1-13 Wmcv |

---

Nault et al vs. Rocky Dell Builders, Inc. et al

---

## ENTRY REGARDING MOTION

Title:      Motion in Limine re: preclude independent contr (Motion 7)
Filer:      Rocky Dell Builders, Inc.
Attorney:   Matthew D. Gilmond
Filed Date: June 17, 2014

Response filed on 07/09/2014 by Attorney A. Jay Kenlan for Plaintiff Helen Nault

### Opinion & Order
### Denying Defendant's Motion in Limine

Plaintiffs sue Defendants for damages claiming poor workmanship during the construction of a house. Defendants were the general contractors for the house construction. Defendants filed a motion in limine as to certain anticipated evidence. Defendants argue Plaintiffs should not be able to present evidence of construction defects that are attributable to the subcontractors because subcontractors are independent contractors. Defendants believe any evidence of the subcontractors' actions is irrelevant. Plaintiffs opposed the motion. Plaintiffs argue the general contractor can be held responsible for the actions of a subcontractor supervised by the general contractor.

Parties may file motions in limine for preliminary rulings on the admissibility of evidence. As with other evidentiary questions, the trial court has broad discretion on ruling on motions in limine. *See Lamb v. Geovjian*, 165 Vt. 375, 379 (1996). The trial court may also reserve on motions in limine that require consideration of evidence. *See State v. Clark*, 152 Vt. 304, 308 (1989).

Motions in limine should not be used to substitute for motions for judgment as a matter of law. 21 Charles Alan Wright & Kenneth W. Graham, Jr., Fed. Prac. & Proc. Evid. § 5037.18 (2d ed.) ("[C]aselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruling in civil cases."). A California appeals court ruled motions in limine are not designed to replace judgments on the law, or substitute for motions for summary judgment. *See Johnson v. Chiu*, 131 Cal.Rptr.3d 614, 617–18 (Cal. Ct. App. 2011). *Johnson* involved a motion in limine where a defendant sought to preclude evidence about negligence maintenance of a patient. *Id.* at 615. The court found motions in limine should only be used for evidentiary considerations, not to decide broad questions of law in a case. *See id.* at 618; *see also Morgan v. Mississippi*, No. 2:07–cv–15–MTP,

2009 WL 3259233 (S.D. Miss. Oct. 8, 2009) ("[A] motion *in limine* cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict.")

The Court denies Defendants' motion in limine as an inappropriate substitution for a motion for partial summary judgment. Defendants' attempt to preclude evidence of the subcontractors' actions as irrelevant addresses the substance of Plaintiffs' claims rather than evidentiary issues. Much like the examples discussed by Wright and Miller, and the motion in limine in *Johnson*, the motion exceeds the proper scope of a motion in limine. *See id.*; 21 Fed. Prac. & Proc. Evid. § 5037.18. The Court will not treat Defendants' motion in limine as a motion for summary judgment because it is untimely,[1] and does not conform to the requirements of a motion for summary judgment, particularly as regards the requirement for statements of undisputed facts supported by citations to the evidentiary record. V.R.C.P. 56. Moreover, even accepting Defendant's request for relief framed as a motion in limine, the Court would reserve any ruling until trial because it likely involves mixed questions of fact and law that will turn on the particular nature of the evidence presented. *See Lamb*, 165 Vt. at 379; *Clark*, 152 Vt. at 308.

The Court does not reach the merits of the legal arguments, including whether they may implicate a basis for reopening the scheduling order to permit a motion for partial summary judgment, or whether they may implicate a basis for judgment as a matter of law at trial.

**WHEREFORE,** it is hereby **ORDERED** : The Court **DENIES** Defendant's motion in limine.

Electronically signed on July 24, 2014 at 03:13 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
A. Jay Kenlan (ERN 3775), Attorney for Plaintiff John Nault
A. Jay Kenlan (ERN 3775), Attorney for Plaintiff Helen Nault
Matthew D. Gilmond (ERN 2529), Attorney for Defendant Rocky Dell Builders, Inc.
Matthew D. Gilmond (ERN 2529), Attorney for Defendant Michael Lynn
Neutral Mediator/Arbitrator/Evaluator Donald (Tad) R. Powers

---

[1] Under the existing scheduling order, the deadline for dispositive motions was Feb. 28, 2014. There are pending requests to extend the scheduling order, for which time for responsive pleadings remains.